UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-20300-JLK

MARCIA MEYERS,

    Plaintiff,

v.

NCL (BAHAMAS) LTD,
a Bermuda company d/b/a
NORWEGIAN CRUISE LINE,

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S *DAUBERT* MOTION**

THIS MATTER is before the Court on Plaintiff's *Daubert* Motion to Strike Testimony of Dr. Tyler Kress (DE 20), filed August 2, 2021. Defendant filed its Response (DE 26) on August 16, 2021. Plaintiff filed its Reply (DE 27) on August 23, 2021. This matter is ripe for review.

In her personal injury action, Plaintiff moves to strike all testimony from Defendant's expert Dr. Tyler Kress because Plaintiff argues that Dr. Kress has not performed any testing in this case, and his expert report is filled with "unsupported conclusions, speculations, hearsay, and circular logic." *Id.* at 5. Plaintiff further argues expert disclosures were due June 18, 2021, but Dr. Kress's report was not disclosed until June 19, 2021. *Id.* at 1.

In its Response, Defendant points out that June 18, 2021 was observed for the recently declared federal holiday Juneteenth (June 19th), so Defendant had until the following day that was not a Saturday, Sunday, or legal holiday under Rule 6 of the Federal Rules of Civil Procedure. Resp. at 3–4. Further, Dr. Kress could not inspect the flooring at issue because the cruise ship "was in international waters for much of the pandemic." *Id.* at 2.

1

The Court finds the Defendant's disclosure was timely. Plaintiff's concerns regarding the reliability of Defendant's expert are well taken. The Court observes that Defendant's expert testimony may come up at trial. These concerns are better addressed in a *Daubert* hearing or on cross-examination. If the evidence does come up at trial, it would be subject to objections. If Defendant offers expert testimony after a proper predicate is laid, and Plaintiff objects, the Court will decide admissibility at trial. For this reason, the Court concludes that the Motion should be denied without prejudice, allowing Plaintiff to make appropriate objections if and when the contested evidence is actually offered.

Therefore, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiff's *Daubert* Motion **(DE 20)** be, and the same is, hereby **DENIED WITHOUT PREJUDICE** to Plaintiff's right to raise appropriate objections at trial.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 15th day of September, 2021.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record